IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| TIFFANY KOCH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 3:13-cv-0225 |
| | ) | JURY DEMAND |
| LIGHTNING TRANSPORTATION, LLC, | ) | |
| EMPLOYEE SOLUTIONS, LLC d/b/a | ) | |
| Lightning Transportation and as Lightning | ) | |
| Transportation Services, and | ) | |
| DONALD DENNING JR., individually, | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANT'S MOTION IN LIMINE NO. 1 AND MEMORANDUM IN SUPPORT OF MOTION IN LIMINE TO EXCLUDE AUDIO RECORDING AND TRANSCRIPT**

Defendants Lightning Transportation, LLC, Employee Solutions, LLC and Donald Denning, Jr. (hereinafter, "Defendants" "Lightning" or "Denning") respectfully moves the Court for an Order *in limine* instructing the Plaintiff and her counsel to refrain during jury selection, opening statements, trial, closing arguments, or at any other time in the presence of the jury in this proceeding, from referring to or attempting to introduce into evidence, through cross-examination or otherwise, the surreptitiously recorded audio tape allegedly recorded by Plaintiff of Defendant Donald Denning, Jr. on or about January 13, 2011.

Plaintiff surreptitiously and selectively recorded an conversation, Defendant, Donald Denning, Jr. Mr. Denning was not aware that the conversation was being taped, and he has never been cross examined as to the authenticity of the alleged conversation that was recorded by Plaintiff. Plaintiff's counsel transcribed the recording. However, the audio recording and transcript have never been properly authenticated as required by Rule 901 of the Federal Rules of Evidence and consist of out of court statements by Plaintiff offered for the truth of the matter

1

asserted in the statements, i.e., hearsay. What's more, the audio recording, which was made using Plaintiff's ***concealed*** personal device, is replete with instances of inaudible conversation and the participants talking over each other, making it difficult to understand what is being said. The recording is wholly unreliable, untrustworthy, and does not satisfy the Best Evidence Rule. For these reasons, the audio recording and transcript (deposition) thereof should be excluded from the trial of this matter.

   I.   **Legal Standard For Admissibility Of Audio Recording And Transcript At Trial**

Admission of tape recordings at trial rests within the sound discretion of the trial court. *United States v. Wilkinson,* 53 F.3d 757, 761 (6th Cir.1995); *see also United States v. Robinson*, 707 F.2d 872, 876 (6th Cir. 1983) (citing *United States v. Enright,* 579 F.2d at 988; *United States v. Cooper,* 365 F.2d 246, 250 (6th Cir.1966), *cert. denied,* 385 U.S. 1030, 87 S.Ct. 760, 17 L.Ed.2d 677 (1967)). "For audio recordings to be admissible, the district court must be satisfied as to the general trustworthiness of the recording, and a proper foundation must be established either through chain of custody or testimony establishing the accuracy of the evidence." *U.S. v. Simms*, 351 Fed. App'x 64, 68 (6th Cir. 2009)(citing *United States v. DeJohn*, 368 F.3d 533, 542-43 (6th Cir. 2004)). In other words, before any item of documentary evidence is admitted, the proponent of that document or recording must lay an adequate foundation for that evidence's admission. FED. R. EVID. 901(a). That foundation must establish that the recording is an authentic, true representation of what it purports to have recorded, including an identification of the voices on the recording.[1] *See* FED. R. EVID. 901(b)(5).

---

[1] Although the Sixth Circuit is silent regarding the standard applied to the authentication of audio recordings, other courts have applied a clear and convincing standard to the authentication of audio recordings. *See Penguin Books USA, Inc. v. New Christian Church of Full Endeavor, Ltd.,* 262 F. Supp. 2d 251, 263-64 (S.D.N.Y. 2003) (citing

Further, Rule 403 of the Federal Rules of Evidence states that "[a]lthough relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." FED. R. EVID. 403. Where the low quality of recordings renders them untrustworthy, the district court, may in its discretion, decline to admit those recordings in evidence as unduly prejudicial. *See United States v. Le*, 272 F.3d 530, 532 (8th Cir. 2001) (per curiam) (*citing United States v. Martinez*, 951 F.2d 887, 888 (8th Cir. 1991).

With respect to transcript, the preferred practice is for the court not to submit transcripts to the jury unless the parties stipulate to their accuracy. *United States v. Scarborough*, 43 F.3d 1021, 1024 (6th Cir. 1994) (citing *Robinson,* 707 F.2d at 876). However, if the parties cannot agree, a second method is for the trial court to determine the accuracy of the transcript by reading the transcript against the tapes in camera. *Id.*

## II. The Audio Recording and Transcript Are Not Authenticated Under Fed. R. Evid. 901

Rule 901 of the Federal Rules of Evidence governs the authentication and identification requirements of an item of evidence. Further, an audio recording is admissible only when it is accurate, authentic, and trustworthy, assessed by the following criteria: (1) the recording device was capable of accurately recording the conversation; (2) the operator of the device was competent to operate it; (3) the recording is authentic and correct; (4) changes, additions, or deletions have not been made; (5) the recording has been preserved in a manner shown to the court; (6) the speakers are identified; and (7) the conversation elicited was made voluntarily, in

---

*United States v. Dinero Express, Inc.*, 2000 WL 1134484, at *1 (S.D.N.Y. Aug. 9, 2000); *United States v. Morrison*, 153 F.3d 34, 56 (2d Cir. 1998)); *Smith v. City of Chicago*, 242 F.3d 737, 741 (7th Cir. 2001)).

3

good faith, and without any kind of inducement. *See, e.g., United States v. Enriques*, No. 93-5304, 1994 WL 456797, at *5 (6th Cir. Aug. 23, 1994) (internal citations omitted).

During her deposition on August 20, 2013, Plaintiff was asked if she had made a tape recording of her meeting with Denning. Plaintiff stated that she had not made such a recording. It turns out that Plaintiff was untruthful in her response to the question. On August 26, 2013, the day before Denning was to be deposed, Plaintiff's counsel informed Defendants counsel that a secret tape recording had been made by Plaintiff. Plaintiff's counsel then provided a copy of the secret recording to Defendants' attorney and Plaintiff's counsel transcribed the recording.

### A. The recording device is unknown.

Plaintiff provided a deposition on July 27, 2013 and testified that she did not have any recordings. Several days later, her attorney provided a recording of the alleged conversation to Defendant's attorney. At that point, Defendant had been denied the opportunity to cross examine Plaintiff about the recording, thus, there is no evidence in the record regarding the make, model, age or condition of the recorder. Hence, Plaintiff has not established and cannot establish that the device used was actually capable of accurately recording the conversation. Nor has Plaintiff established that the recording she provided after denying the existence of a recording, was actually recorded on the same device that she had hidden on her person or had hidden in the Defendant's office.

### B. The operator of the device is unknown.

Because Plaintiff was not truthful about the existence of the recording during her deposition, Defendant's counsel did not know it existed and was denied the opportunity to cross examine Plaintiff about the recording. Thus, we do not know who placed the device on Plaintiff,

4

where it was located, what time it was turned on, what time it was turned off, or how long it had been operating.

### C. It is unknown if changes, additions, or deletions were made to the recording.

Again, there has been no testimony from the Plaintiff regarding the contents of the recording. Particularly, it is unknown whether any changes, additions or deletions were made to the recording. Furthermore, if any modifications were made to the recording, it is difficult to know who made the changes, when and why such changes were made. The recording is simply not trustworthy because of the many unknowns and because Plaintiff initially lied about the recording's existence during her deposition.

### D. The Court does not know how the recording was preserved.

Next, there has been no showing by the Plaintiff as to how the recorded was preserved. For instance, since we do not know the method in which the recording was made, we certainly do know now what actions were taken to preserve the recording from tampering or destruction.

Indeed, "[t]o satisfy the requirement of authenticating or identifying an item of evidence, the proponent must produce evidence sufficient to support a finding that the item is what the proponent claims it is." *United States v. Parenteau*, 529 Fed. App'x 532, 535 (6th Cir. 2013). Although one way a party can do so is through the testimony of a witness with knowledge that the recording is what it is claimed to be, at no time has Plaintiff been cross-examined as to the alleged conversations so as to allow her to admit or deny the authenticity of the purported recordings. Plaintiff has simply not presented credible evidence to establish the authenticity and admissibility of the recording and/or the transcript thereof. At this stage of the proceeding, a self-serving declaration will be wholly insufficient. *See Johnson v. Around the Clock Sec., Inc.*, No. 01C5174, 2002 WL 31155053, at *2 (N.D. Ill. Sept. 27, 2002) ("Contrary

5

to [plaintiff's] proposal, this Court will not assume the tapes are authentic without any additional supporting proof," and therefore, denied the admissibility of the audio tapes into evidence).

Plaintiff has not met the evidentiary requirements for authentication of the audio recordings or the transcripts as set forth in *Enriques*, and therefore, this evidence must be excluded from the trial of this matter.

In sum, the audio recording have not been properly authenticated and lacks any foundation by which to ensure its accuracy. Moreover, there is no evidence, regarding the chain of custody for the audio recording. *See Simms*, 3512 Fed. App'x at 68. Because the audio recordings lack authentication, the transcript also lacks adequate foundation for admissibility, and therefore, must be excluded from the trial of this matter as well.

## II.     The Audio Recording and Transcript Fails to Satisfy the Best Evidence Rule

The audio recording and transcript fails to satisfy the Best Evidence Rule. FED. R. EVID. 1002. Rule 1002 of the Federal Rules of Evidence applies when a party seeks to prove the content of a writing, recording, or photograph, in which case, the ***original*** is required, unless otherwise provided. *Id.* (emphasis added). This Rule exists to afford guarantees against inaccuracies and fraud by requiring that the original of the document be offered.

At no time has Plaintiff offered the original audio recordings. Moreover, there is ***no evidence*** to suggest that the audio recording is a reliable duplicate[2] of the alleged conversation that took place. Plaintiff does not identify the current location of the original audio recording – raising questions as to the trustworthiness of the purported recording – where is the miniature tape recorder? why has Plaintiff never offered the original tape? In addition, the audio

---

[2] According to Plaintiff's Declaration ¶ 3, Docket Entry No. 35-1, the original recordings were made using a miniature tape recorder and then later transferred onto digital tapes and CDs with the assistance of Plaintiff's nephew, Tedros Yohannes. To date, no testimony has been offered by Mr. Yohannes as to the alleged chain of custody and authenticity of the audio recordings at issue.

6

recordings contain incomprehensible and unintelligible portions of the alleged conversations, and therefore, there is a substantial danger that the recording's admission will unfairly prejudice the jury as the recording is wholly untrustworthy. *See* FED. R. EVID. 403. This failure is fatal to the admissibility of the audio recording and/or transcripts.

### III.     The Audio Recording and Transcript Contains Inadmissible Hearsay

The audio recording and transcript also contains inadmissible hearsay. FED. R. EVID. 801-804. Plaintiff's statements and the statements made by the person alleged to have been recorded were clearly made out of Court and have been submitted by Plaintiff to prove the truth of the matter asserted. Defendants anticipates that Plaintiff will claim that the hearsay statements (both her statements and the alleged statements of Denning) are admissible under the admission by party opponent exception. This argument fails pursuant to the Federal Rules of Evidence.

First, the law is clear that a party cannot offer ***his own*** out-of-court statement to prove the truth of the matter asserted. *United States v. McDaniel*, 398 F.3d 540, 545 (6th Cir. 2005). All of the conversations contain recordings of Plaintiff and Denning. In order to give context to the recorded conversation, the Court will be required to consider Plaintiff's out of court statements as well as the statements. The law prohibits this consideration. Any statements made by Plaintiff on the audio recording or transcript may not be considered by the Court and should be struck from the record.

Moreover, Rule 801(d)(2)(D) of the Federal Rules of Evidence provides that a statement is not hearsay if it is offered against an opposing party and, "was made by the party's agent or employee on a matter within the scope of that relationship ***and while it existed***." FED. R. EVID. 801(d)(2)(D) (emphasis added).[3] Before Rule 801(d)(2)(D) of the Federal Rules of Evidence

---

[3] The Advisory Committee Notes provide:

7

may apply, "the Court must determine 'whether there is evidence that the unidentified declarants were speaking on a matter within the scope of their employment.'" *Sisson v. OhioHealth Corp.*, No. 2:13-CV-0517, 2013 WL 6049028, at *4 (S.D. Ohio Nov. 14, 2013) (citing *Rutledge v. Claypool Elec., Inc.,* No. 2:12-cv159, 2012 U.S. Dist. LEXIS 178647, at *15-16, 2012 WL 6593936 (quoting *Back v. Nestle USA, Inc.*, 694 F.3d 571, 578 (6th Cir.2012)). The Court considers the statement itself when making this determination, but the statement "does not by itself establish. . . the existence or scope of the relationship under [Rule 801(d)(2)(D)]." FED. R. EVID. 801(d)(2). Thus, the proponent of the statement must provide other evidence sufficient to satisfy Rule 801(d)(2)(D)'s scope-of-employment requirement, such as "'circumstances surrounding the statement, such as the identity of the speaker [or] the context in which the statement was made.'" *Back*, 694 F.3d at 578 (quoting FED. R. EVID. 801 advisory committee's notes, 1997 Amendment). The party seeking to admit statements under Rule 801(d)(2)(D) bears the burden of proving admissibility. *Rutledge*, 2012 WL 6593936. "Statements by employees are outside of the scope of an employee's employment, and therefore not subject to the party-admission rule, when they concern decision making processes into which the employee has no input, or decisions to which they were not a party." *Liadis v. Sears, Roebuck & Co.*, 47 F. App'x 295, 303 (citing *Stalbosky v. Belew*, 205 F.3d 890 (6th Cir.2000)).

Notably, Plaintiff has not provided any evidence to show that the statements on the audio recording are admissible as party-opponent admissions. *See State v. Mantey*, No. E2006-00143-CCA-R3-CD, 2008 WL 238446, at *4 (Tenn. Ct. App. Jan. 29, 2008)("the tape recording should not have been admitted into evidence absent an identification of the defendant's voice"). Accordingly, the audio recordings and transcripts must be excluded at trial.

---

(D) The tradition has been to test the admissibility of statements by agents, as admissions, by applying the usual test of agency. Was the admission made by the agent acting in the scope of his employment? Since few principals employ agents for the purpose of making damaging statements, the usual result was exclusion of the statement.

8

## IV. CONCLUSION

For these reasons, Defendants submits that the audio recording at issue in this case and the transcript (deposition) thereof must be excluded from the trial of this matter.

Respectfully submitted,

*/s/ James B. Johnson*
James B. Johnson (BPR No. 15509)
Lauren Paxton Roberts (BPR No. 25049)
Kevin P. Hartley (BPR No. 291989)
STITES & HARBISON PLLC
SunTrust Plaza
401 Commerce Street, Suite 800
Nashville, TN 37219-2490
Telephone: (615) 244-5200
james.johnson@stites.com
lauren.roberts@stites.com
kevin.hartley@stites.com

*Counsel for Defendants Lightning Transportation, LLC, Employee Solutions, LLC, and Donald Denning Jr.*

## CERTIFICATE OF SERVICE

I hereby certify that on September 2, 2014, a copy of the foregoing was served electronically and/or via first-class U.S. mail, postage prepaid, upon all parties as indicated below. Parties may also access this filing through the Court's ECF system.

*Via CM/ECF Notice:*
Robert C. Bigelow
Joshua L. Burgener
Dickinson Wright PLLC
Fifth Third Center
424 Church Street, Suite 1401
Nashville, TN 37219

*/s/ James B. Johnson*
James B. Johnson