IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| TIFFANY KOCH, | ) | |
| | ) | |
|     Plaintiff, | ) | Case No.  3:13-0225 |
| | ) | |
| v. | ) | Judge Sharp |
| | ) | Magistrate Judge Griffin |
| LIGHTNING TRANSPORTATION, LLC, | ) | |
| EMPLOYEE SOLUTIONS, LLC d/b/a | ) | Jury Trial |
| Lightning Transportation and as Lightning | ) | |
| Transportation Services, and | ) | |
| DONALD DENNING JR., individually. | ) | |
| | ) | |
|     Defendants. | ) | |

## JOINT PROPOSED JURY INSTRUCTIONS[1]

---

[1] These instructions have been agreed upon by the parties.  Defendants will also file a few other separate instructions.  Plaintiff believes these instructions are not in conformance with the law and thus should not be used.

## I. Introduction

Members of the jury, you have now heard all the evidence in the case, as well as the closing arguments. Now it is time for me to instruct you about the law that you must follow in deciding this case.

I will start by explaining your duties as jurors;

Then, I will explain certain principles of law;

Then, I will explain certain general rules that apply in every civil case;

And last, I will explain the rules that you must follow during your deliberations in the jury room, and the possible verdicts that you may return.

Please listen carefully.

## II. Jurors' Duties

You have two main duties as jurors. The first one is to decide what the facts are from the evidence that you saw and heard here in Court. Deciding what the facts are is your job, not mine and nothing that I have said or done during this trial was meant to influence your decision about the facts in any way.

Your second duty is to take the law that I give you and apply it to the facts. It is my job to instruct you about the law, and you are bound by the oath that you took at the beginning of the trial to follow the instructions that I give you, even if you personally disagree with them. This includes the instructions that I gave you before and during the trial and these instructions. All the instructions are important, and you should consider them together as a whole.

The parties have talked about the law during their arguments. But if what they said is different from what I say, you must follow what I say. What I say about the law controls.

Perform these duties fairly. Do not let any bias, sympathy or prejudice that you may feel toward one side or the other influence your decision in any way.

### III. Burden of Proof

The Plaintiff has the burden of proof in this case. Since this is a civil case, it is a very different burden than a criminal case. Here, the party who has the burden of proof must carry that burden by what's called a preponderance of the evidence – this simply means more likely than not. To help you understand this important concept, envision a set of balancing scales. After considering all the proof on a particular element of the Plaintiff's case, the scales must be tipped in favor of the Plaintiff on that issue, be it ever so slightly, for the Plaintiff to prevail on that issue.

A preponderance of the evidence, thus, means evidence that, when considered and compared with that opposed to it, has more convincing force and produces in your minds a belief that what is sought to be proved is more likely true than not true. In other words, to establish a claim by a "preponderance of the evidence" merely means to prove that the claim is more likely so than not so. Again, this is a completely different standard than the criminal standard of "beyond a reasonable doubt."

In determining whether any fact in issue has been proved by a preponderance of the evidence, you may consider the testimony of all the witnesses, regardless of who may have called them, and all the exhibits received in evidence, regardless of who may have produced them.

4

## IV. Substantive Law

## Violations of the Pregnancy Discrimination Act

Tiffany Koch bases part of her lawsuit on the Pregnancy Discrimination Act, which makes it unlawful for an employer to discharge any individual, or otherwise to discriminate against any individual with respect to her compensation, terms, conditions, or privileges of employment due to her pregnancy. An unlawful employment practice is established when the complaining party demonstrates that her pregnancy was a motivating factor in any employment practice, even though other factors may have also motivated the practice. A "motivating factor" is a factor that played some part in Defendants' employment practice decision.

To prove her claim, Tiffany Koch must prove that it was more likely than not that:

1.    Defendants caused an adverse employment action, and

2.    That Plaintiff's pregnancy was a motivating factor in Defendants' decision.

Termination is an adverse employment action. The Defendants contend that they took the adverse action entirely for nondiscriminatory reasons. Remember that it is Tiffany Koch's burden to prove that at least one of the motivating reasons for the adverse employment action was her pregnancy. Once the Plaintiff has established a prima facie case of discrimination, the burden shifts to the Defendants to articulate a legitimate, non-discriminatory reason for the termination. However, you should scrutinize the reasons proffered by the Defendants, just as you would any other evidence. If you find that the reasons were "pretextual," that is, they were not the real reasons for the decision, then you may infer or not infer, as you choose, that the supposed reasoning was designed to conceal discrimination.

*Tetro v. Elliott Popham Pontiac,* 173 F.3d 988 (6th Cir. 1999); *Wixson v. Dowagiac Nursing Home*, 87 F.3d 164 (6th Cir. 1996); Skrjanc v. Great Lakes Power Service Co., 272 F.3d 309, 35 (6th Cir. 2001); Vincent v. Brewer Co., 514 F.3d 489, 495 (6th Cir. 2007)

## Promissory Estoppel

Under certain conditions, some promises can be legally enforced even in the absence of a contract. This includes a promise where the person making the promise should reasonably expect to induce action or forbearance of a definite and substantial character and which does induce such action or forbearance. The reason for the doctrine is to avoid injustice. There is no injustice where the loss suffered in reliance is negligible or where the Plaintiff's action in reliance was unreasonable.

To prevail on this claim, Tiffany Koch has the burden of establishing, more likely than not, that:

1.  A promise was made to her that she could take six weeks of paid maternity leave and have two weeks of unpaid maternity leave;

2.  The promise was clear, definite, and not vague;

3.  The person making the promise had the authority to make the promise on behalf of the Defendants;

4.  The person making the promise should have reasonably expected to induce Tiffany Koch to take action in reliance on that promise or refrain from taking some action in reliance on that promise;

5.  Tiffany Koch reasonably relied on the promise;

6.  The promise actually caused Tiffany Koch to make a change in her employment status in reliance on the promise;

7.  Defendants' failure to honor the alleged promise caused Tiffany Koch to suffer an economic detriment; and,

8.  The financial detriment was substantial.

*Grona v. CitiMortgage, Inc.,* 2012 U.S. Dist. LEXIS 45876, at *9-11(M.D. Tenn. Apr. 2, 2012); *see also Amacher v. Brown-Forman Corp.*, 826 S.W.2d 480, 482 (Tenn. Ct. App. 1991) (quoting RESTATEMENT (SECOND) OF CONTRACTS, § 90); and *Alden v. Presley*, 637 S.W.2d 862, 864 (Tenn. 1982)(citing L. Simpson, LAW OF CONTRACTS, § 61 (2d ed. 1965).

7

**<u>Promissory Fraud</u>**

Generally, the subject of a misrepresentation must be a past or existing fact and not a mere promise. If the promise is made without the intent to perform, however, the promise may be a misrepresentation. To recover under this theory, also known as "promissory fraud or fraud in the inducement," Tiffany Koch must prove each of the following:

1.      Defendants made a promise to Koch that she could take six weeks of paid maternity leave, followed by two unpaid weeks of leave;

2.      At the time the promise was made, Defendants did not intend to perform it;

3.      Defendants made the promise with an intent to deceive Tiffany Koch. In other words, they made the promise to induce Tiffany Koch to rely upon it and to act or not act in reliance upon it;

4.      Tiffany Koch was unaware that Defendants did not intend to perform the promise; and,

5.      Tiffany Koch acted in reliance upon the promise;

6.      Tiffany Koch was justified in relying upon the promise made by Defendants; and,

7.      As a result of the reliance upon Defendants promise, Tiffany Koch has sustained damage.

Evidence of the Defendants' conduct before or after the promise was made may be considered in determining whether the Defendants intended to perform when the promise was made.

A party seeking recovery for promissory fraud must have relied upon the promise. You must decide whether reliance upon the promise substantially influenced Tiffany Koch's action, even though other influences may have operated as well.

Reliance upon a promise may be shown by direct evidence or may be inferred from the circumstances.

8

A person claiming to have been damaged by promissory fraud must not only have acted in reliance on the promise but must have been justified in that reliance. That is, it must be reasonable for the person, in the light of the circumstances and that person's intelligence, experience, and knowledge, to accept the promise without making an independent inquiry or investigation.

T.P.I. – Civil 8.41

## Actual Damages

IThe Plaintiff in this action has the burden of proving, by a preponderance of the evidence, that she in fact sustained damages and the amount of any such damages. Damages that are remote or speculative may not be awarded.

If you find that Plaintiff is entitled to a verdict on any of her claims, then you may award such damages as she has proven by a preponderance of the evidence and only such damages as will reasonably compensate her for the loss you find she sustained, in keeping with these instructions.

If you find in favor of Tiffany Koch, you must award her such sum as you find by the preponderance of the evidence, more likely than not, that will fairly and justly compensate her for any damages you fine she sustained as a direct result of the Defendants' actions.

Plaintiff's claim for damages includes two distinct types of non-punitive damages and you must consider them separately:

1.      You must determine the amount of any wages and fringe benefits Plaintiff would have earned in her employment with Defendants if she had not been discharged through the date of your verdict, *minus* the amount of earnings and benefits that Plaintiff received from other employment during that time.

2.      You must determine the amount of any other damages sustained by plaintiff, such as mental anguish, future pecuniary losses, emotional pain, suffering, inconvenience, loss of enjoyment of life. You must enter separate amounts for each type of damages in the verdict form and must not include the same items in more than one category. (Defendants contend that this paragraph should not be allowed).

The Plaintiff has a duty under the law to "mitigate" her damages – that is, to exercise reasonable diligence under the circumstances to minimize the harm she suffered. Therefore, if you find by the preponderance of the evidence that the Plaintiff failed to seek out or take advantage of an opportunity that was reasonably available to her, you must reduce the damages she would otherwise be entitled to receive by the amount she reasonably could have avoided if she had sought out or taken advantage of such an opportunity.

In attempting to mitigate damages, the Plaintiff is not required to accept any offer of employment, or abandon her home or place of residence to seek other employment, but is only required to exercise reasonable diligence in seeking other employment of a similar or comparable nature.

The Defendants have the burden of establishing that the Plaintiff failed to use reasonable diligence in mitigating damages.  The Defendants must prove both the availability of suitable and comparable substitute employment, and the lack of reasonable diligence on the part of the Plaintiff.  Defendants must establish that equivalent positions were available with virtually identical promotional opportunities, compensation and benefits, job responsibilities, working conditions, and status.

T.P.I. 14.70 (modified); O'Malley, Grenig & Lee, Federal Jury Practice & Instructions, § 171.90, T.P.I. – Civil 11.76 (5th ed. 2005) (modified); *Raismas v. Michigan Dept. of Mental Health*, 714 F.2d 614, 624 (6th Cir. 1983); *Killian v. Yorozu Automotive Tennessee, Inc.*, 454 F.3d 549, 556-57 (6th Cir. 006) ("The law requires a diligent effort, not fruitful one."); *Frye v. Memphis State University*, 806 S.W.2d 170, 173 (Tenn. 1991); *Ford v. Nicks*, 866 F.2d 865, 873 (6th Cir. 1989); RESTATEMENT (SECOND) OF CONTRACTS, § 90).

11

## Punitive Damages Under the Pregnancy Discrimination Act

In addition to actual damages mentioned in the other instructions, the law permits the jury under limited circumstances to award an injured person punitive damages if you find that the Defendants acted with malice or reckless indifference by discriminating against the Plaintiff based on her pregnancy and/or that they committed fraud. Defendants acted with malice or indifference if:

It has been proved, more likely than not, that Defendants were in violation of law prohibiting discrimination, or acted with reckless disregard of that law – that is with an intention to disregard what Defendants knew was a high probability that its acts were in violation of the law or if Defendants committed fraud. However, you may not award punitive damages if it has been proved that the Defendants were unaware of the law, made a good-faith effort to comply with the law, or believed the discrimination was lawful.

If you find that the Defendants acted with malice or reckless disregard and did not make a good-faith effort to comply with the law, then in addition to any actual damages to which you find the Plaintiff entitled, you may, but are not required to, award the Plaintiff an additional amount in punitive damages if you find it is appropriate to punish the Defendants or to deter the Defendants and others from like conduct in the future. Whether to award the Plaintiff punitive damages, and the amount of those damages, are within your discretion.

If you decide that Tiffany Koch is entitled to punitive damages, you must decide the amount of those damages. The Plaintiff has the burden of proving by a preponderance (more likely than not) of the evidence the amount of punitive damages that you should award.

In making your decision you must consider the instructions I have already given you and also the following:

1.  The Defendants' net worth and financial condition;

2.     The objectionable nature of the Defendants' wrongdoing, the impact of the Defendants' conduct on the Plaintiff, and the relationship of the parties;

3.     The Defendants' awareness of the amount of harm being caused and the Defendants' motivation in causing the harm;

4.     The duration of the Defendants' misconduct and whether the Defendants attempted to conceal the conduct;

5.     The amount of money the Plaintiff has spent in the attempt to recover the losses;

6.     Whether Defendants profited from the activity, and if so, whether the punitive award should be in excess of the profit in order to deter similar future behavior;

7.     The number and amount of previous punitive damage awards against the Defendants based upon the same wrongful act;

8.     Whether, once the misconduct became known to the Defendants, the Defendants tried to remedy the situation or offered a prompt and fair settlement for the actual harm caused; and

9.     Any other circumstances shown by the evidence that bears on determining the proper amount of the punitive award.

The purpose of an award for punitive damages is to punish a wrongdoer and to deter misconduct by the Defendants or others.

*Tisdale v. Federal Express Corp.,* 415 F.3d 516 (6th Cir. 2005); T.P.I. Civil 14.56 (modified).

13

## Punitive Damages Under the Promissory Fraud

In addition to actual damages mentioned in the other instructions, the law permits the jury under limited circumstances to award an injured person punitive damages if you find that the Defendants committed fraud by clear and convincing evidence.

In making your decision you must consider the instructions I have already given you and also the following:

1.	The Defendants' net worth and financial condition;

2.	The objectionable nature of the Defendants' wrongdoing, the impact of the Defendants' conduct on the Plaintiff, and the relationship of the parties;

3.	The Defendants' awareness of the amount of harm being caused and the Defendants' motivation in causing the harm;

4.	The duration of the Defendants' misconduct and whether the Defendants attempted to conceal the conduct;

5.	The amount of money the Plaintiff has spent in the attempt to recover the losses;

6.	Whether Defendants profited from the activity, and if so, whether the punitive award should be in excess of the profit in order to deter similar future behavior;

7.	The number and amount of previous punitive damage awards against the Defendants based upon the same wrongful act;

8.	Whether, once the misconduct became known to the Defendants, the Defendants tried to remedy the situation or offered a prompt and fair settlement for the actual harm caused; and

9.	Any other circumstances shown by the evidence that bears on determining the proper amount of the punitive award.

14

The purpose of an award for punitive damages is to punish a wrongdoer and to deter misconduct by the Defendants or others.

*Hodges v. S.C. Toof & Co., 833 S.W.2d 896, 901-02 (Tenn. 1992), Tisdale v. Federal Express Corp.*, 415 F.3d 516 (6th Cir. 2005); T.P.I. Civil 14.56 (modified).

## V. General Rules

(1) Evidence Defined

You must make your decision based only on the evidence that you saw and heard here in Court. Do not let rumors, suspicions, or anything else that you may have seen or heard outside of Court influence your decision in any way.

The evidence in this case includes only what the witnesses said while they were testifying under oath and the exhibits that I allowed into evidence.

Nothing else is evidence. My legal rulings are not evidence. And my comments and questions are not evidence. The opening and closing statements are not evidence. Questions asked by the lawyers of witnesses are not evidence.

During the trial I did not let you hear the answers to some of the questions that were asked. You must completely ignore those questions. Do not even think about them. Do not speculate about what a witness might have said. They are not evidence, and you are bound by your oath not to let them influence your decision in any way.

Make your decision based only on the evidence, as I have defined it here, and nothing else.

(2) Consideration of Evidence

You should use your common sense in weighing the evidence. Consider it in light of your everyday experience with people and events, and give it whatever weight you believe it deserves. If your experience tells you that certain evidence reasonably leads to a conclusion, you are free to reach that conclusion.

16

(3) Direct and Circumstantial Evidence

I now want to explain the terms "direct evidence" and "circumstantial evidence." Direct evidence is simply evidence like the testimony of an eyewitness which, if you believe it, directly proves a fact. If a witness testified that he saw it raining outside, and you believed him, that would be direct evidence that it was raining.

Circumstantial evidence is simply a chain of circumstances that indirectly proves a fact. If someone walked into the courtroom wearing a raincoat covered with drops of water and carrying a wet umbrella, that would be circumstantial evidence from which you could conclude that it was raining.

It is your job to decide how much weight to give the direct and circumstantial evidence. The law makes no distinction between the weight that you should give to either one. Neither does the law say that one is any better evidence than the other. You should consider all the evidence, both direct and circumstantial, and give it whatever weight you believe it deserves.

(4) Evidence for a Limited Purpose

Some evidence is admitted for a limited purpose only. If I instructed you that an item of evidence has been admitted for a limited purpose, then you must consider it only for that limited purpose and for no other.

(5) Depositions - Use as Evidence

During the trial of this case, certain testimony has been presented to you by way of deposition, consisting of sworn, recorded answers to questions asked of the witness, in advance of the trial, by one or more of the attorneys for the parties to the case. The testimony of a witness who, for some reason, cannot be present to testify from the witness stand, may be presented in writing or on a video recording under oath.

17

Such testimony is entitled to the same consideration, and is to be judged as to credibility, weighed and otherwise considered by the jury, in so far as possible, in the same way as if the witness had been present and had testified from the witness stand.

(6) Credibility of Witness

Now, I have said that you must consider all of the evidence. This does not mean, however, that you must accept all of the evidence as true or accurate. You are the sole judges of the credibility or "believability" of each witness and the weight to be given to that witness' testimony. In weighing the testimony of a witness, you should consider the circumstances under which each witness has testified. Consider the witness' manner of testifying and the opportunity to observe or acquire knowledge concerning the facts about which the witness testified. Consider the witness' candor, fairness and intelligence; and the extent to which the witness has been supported or contradicted by other credible evidence. Consider also any relationship which the witness may have to the Plaintiff or the Defendants; how the witness might be affected by the verdict; and the extent to which, if at all, each witness is either supported or contradicted by other evidence in the case. You may, in short, accept or reject the testimony of any witness in whole or in part.

Also, the weight of the evidence is not necessarily determined by the number of witnesses testifying to the existence or non-existence of any fact. You may find that the testimony of a small number of witnesses as to any fact is more credible than the testimony of a larger number of witnesses to the contrary.

A witness may be discredited or "impeached" by contradictory evidence, by a showing that the witness testified falsely concerning a material matter, or by evidence that at some other

time the witness has said or done something, or has failed to say or do something, which is inconsistent with the witness' present testimony.

If you believe that any witness has been so impeached, then it is your exclusive province to give the testimony of that witness such credibility or weight, if any, as you may think it deserves.

Discrepancies in a witness' testimony or between his testimony and that of others do not necessarily mean that the witness should be discredited. Failure of recollection is a common experience, and innocent misrecollection is not uncommon. It is also possible that two persons witnessing an incident or a transaction may see or hear it differently. Whether a discrepancy pertains to a fact of importance or only to a trivial detail should be considered in weighing its significance.

## Special Insert - Witness Willfully Lies[2]

You may conclude that a witness deliberately lied about a fact that is important to your decision in the case. If so, you may reject everything that witness said. On the other hand, if you decide that the witness lied about some things but told the truth about others, you may accept the part you decide is true and you may reject the rest.

(7) Potential Witnesses & Exhibits

The law does not require a party to call as witnesses all persons who may have been present at any time or place involved in the case, or who may appear to have some knowledge of the matters in issue at this trial. Nor does the law require any party to produce as exhibits all papers and things mentioned in the evidence in this case.

---

[2]     T.P.I. - Civil 2.22; *McKinnon v. Michaud*, 260 S.W.2d 721 (Tenn. 1953); *Tenn. Cent. R. Co. v. Morgan*, 175 S.W. 1148 (Tenn. 1915).

(8) Statements of Counsel

You must not consider as evidence any statements of counsel made during the trial.

As to any question to which an objection was sustained, you must not speculate on what the answer might have been or on the reason for the objection, and you must assume that the answer would be of no value to you in your deliberations.

You must not consider for any purpose any offer of evidence that was rejected, or any evidence that was stricken out by the court; such matter is to be treated as though you had never known it.

You must never speculate to be true any insinuation suggested by a question asked a witness.

A question is not evidence and may be considered only as it supplies meaning to the answer.

(9) Lawyers' Objections

The lawyers objected to some of the things that were said or done during the trial. Do not hold that against either side. They have a duty to object whenever they think that something is not permitted by the rules of evidence. Those rules are designed to make sure that both sides receive a fair trial.

And do not interpret my rulings on their objections as any indication of how I think the case should be decided. My rulings were based on the rules of evidence, not on how I feel about the case. Remember that your decision must be based only on the evidence that you saw and heard here in Court.

Remember also that any statements, objections or arguments made by the lawyers are not evidence in the case. Lawyers try to point out those things that are most significant or most

helpful to their side of the case, and in so doing, to call your attention to certain facts or inferences that might otherwise escape your notice. In the final analysis, however, it is your own recollection and interpretation of the evidence that controls in the case.

## VI. Deliberations and Verdict

(1) Introduction

That concludes the part of my instructions explaining the rules for considering the testimony and evidence. Now let me finish up by explaining some things about your deliberations in the jury room and your possible verdicts.

The first thing that you should do in the jury room is choose someone to be your foreperson. You may select the foreperson in any fair and reasonable way. The foreperson shall preside over your deliberations and speak for the jury in the Courtroom when you have reached your verdict. The case should not be decided simply on what the foreperson wants. You each must exercise your independent judgment. The foreperson's opinion carries no more weight than any other juror's opinion.

Once you start deliberating, do not talk to the court security officer, or to me, or to anyone else except each other about the case. If you have any questions or messages, you must write them down on a piece of paper, sign them, and then give them to the court security officer. The officer will give them to me, and I will respond as soon as I can. I may have to talk to the lawyers about what you have asked, so it may take me some time to get back to you. Any questions or messages normally should be sent to me through your foreperson and must be in writing.

One more thing about messages. Do not ever write down or tell anyone how you stand on your votes. That should stay secret until you are finished.

(2) Experiments, Research, and Investigation

Remember that you must make your decision based only on the evidence that you saw and heard here in Court. You may consider the exhibits admitted into evidence. Do not try to gather any information about the case on your own while you are deliberating.

For example, do not conduct any experiments inside or outside the jury room; do not bring any books with you to help you with your deliberations, and do not conduct any independent research, reading, or investigation about the case. You will be permitted to take with you any notes you may have taken during the course of the trial.

Make your decision based only on the evidence that you saw and heard here in Court.

(3) Unanimous Verdict

Your verdict, whether it is for the Plaintiff or for the Defendants, must be unanimous. In other words, every one of you must agree on the verdict.

After you reach a verdict, and it is announced in the courtroom, I will ask each of you if it is in fact your verdict. This is to make sure the verdict is, in fact, unanimous.

(4) Duty to Deliberate

Now that all the evidence is in and the arguments are completed, you are free to talk about the case in the jury room. In fact, it is your duty to talk with each other about the evidence and to make every reasonable effort you can to reach unanimous agreement. Talk with each other, listen carefully and respectfully to each other's views, and keep an open mind as you listen to what your fellow jurors have to say. Try your best to work out your differences. Do not hesitate to change your mind if you are convinced that other jurors are right and that your original position was wrong.

But do not ever change your mind just because other jurors see things differently, or just to get the case over with. In the end, your vote must be exactly that -- your own vote. It is important for you to reach unanimous agreement, but only if you can do so honestly and in good conscience.

No one will be allowed to hear your discussions in the jury room, and no record will be made of what you say. So you should all feel free to speak your minds.

Listen carefully to what the other jurors have to say, and then decide for yourself if the Plaintiff has proved his claim for damages against the Defendants.

(5) Court Has No Opinion

Let me finish up by repeating something that I said to you earlier. Nothing that I have said or done during this trial was meant to influence your decision in any way. You decide for yourselves whether or not the Plaintiff has proved his claims against the Defendants.

Thank you for your service as jurors. The Court is now in recess for the purpose of jury deliberations.

DICKINSON WRIGHT, PLLC

By: /s/ Robert C. Bigelow
        Robert C. Bigelow, #22022
        Joshua L. Burgener, #29077
        424 Church Street, Suite 1401
        Nashville, Tennessee 37219
        (615) 244-6538

        *Attorneys for Plaintiff*

24

## CERTIFICATE OF SERVICE

I hereby certify that a true and exact copy of the foregoing has been served by electronic filing to:

Mr. James B. Johnson
Stites & Harbison, PLLC
401 Commerce Street, Suite 800
Nashville TN 37219
James.johnson@stites.com

this 8th day of January, 2015.

/s/ Robert C. Bigelow
Robert C. Bigelow

NASHVILLE 51522-1 521968v1