# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| TIFFANY KOCH, ) | |
| ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil No. 3:13-0225 |
| v. ) | Judge Sharp |
| ) | |
| LIGHTNING TRANSPORTATION, ) | |
| LLC, EMPLOYEE SOLUTIONS, ) | |
| LLC d/b/a LIGHTNING ) | |
| TRANSPORTATION SERVICES, ) | |
| and DONALD DENNING, JR., ) | |
| individually, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM

After a trial, a jury returned a verdict in favor of Defendants Lightning Transportation, LLC, Employee Solutions, LLC (collectively "Lightning") and Donald Denning, Jr. on Plaintiff's promissory estoppel and promissory fraud claims and on Plaintiff's claim that she was discriminated against due to her pregnancy in violation of Title VII, 42 U.S.C. § 2000e et seq. as amended by the Pregnancy Discrimination Act. Now pending before the Court is Plaintiff's Motion for New Trial and/or to Amend the Judgment (Docket No. 90), as well as Plaintiff's Motion for Review by the Court of Defendants' Award of Costs against the Plaintiff (Docket No. 92). For the following reasons, Plaintiff's Motion for New Trial will be denied. Regarding Plaintiff's Motion for Review by the Court of Defendants' Award of Costs against the Plaintiff, the Court, having reviewed the award of costs, will affirm the award.

1

# I. DISCUSSION

### a. Motion for New Trial

Rule 59 of the Federal Rules of Civil Procedure provides that "[t]he court may, on motion grant a new trial…after a jury trial, for any reason for which a new trial has heretofore been granted in an action at law in federal court." Fed. R. Civ. P. 59(a). The Sixth Circuit has "interpreted Rule 59 to mean that a new trial is required only when 'a jury has reached a seriously erroneous result as evidenced by [ ] (1) the verdict being against the weight of the evidence; (2) the damages being excessive; or (3) the trial being unfair to the moving party in some fashion, i.e., the proceedings being influenced by prejudice or bias.'" Jones v. Nissan N. Am. Inc., 438 Fed. Appx. 388, 396 (6th Cir. 2011) (bracket in original) (quoting, Mike's Train House, Inc. v. Lionel, L.L.C., 472 F.3d 398, 405 (6th Cir. 2006)). Whether to grant a new trial is within the discretion of the trial judge. Gaperini v. Center for Humanities, Inc., 518 U.S. 415, 433 (1996).

Plaintiff argues that a new trial is warranted in this case because the verdict is against the clear weight of the evidence. Specifically, Plaintiff contends that because Defendant Denning admitted at trial that Plaintiff no longer worked for Defendant Lightning due to her need for eight weeks of maternity leave (Docket No. 90-2 p. 11), Plaintiff has conclusively proven her termination was caused by her pregnancy. As a result, Plaintiff argues the clear weight of the evidence shows Defendants violated the Pregnancy Discrimination Act.

"In ruling on a motion for a new trial based on the ground that the verdict is against the weight of the evidence, the trial court must compare the opposing proofs, weigh the evidence, and set aside the verdict if it is of the opinion that the verdict is against the clear weight of the evidence." Moore v. City of Clarksville, 2011 WL 5117776, at *11 (M.D. Tenn. Oct. 25, 2011)

(citing Barnes v. City of Cincinnati, 401 F.3d 729, 743 (6th Cir. 2005)). "The purpose of allowing the district court to reexamine the evidence in considering a motion for a new trial is to ensure that the jury did not return a verdict that has little or no basis in the evidence presented at trial." Id. (citing Lee v. Metro. Gov't of Nashville & Davidson County, 2011 WL 2882227, at *10 (6th Cir. July 18, 2011)). "But where there was probative evidence presented to the jury that supports the jury's ultimate verdict, it is not within the province of the court to overturn the jury's decision to accept that evidence." Id. "In other words, [a] verdict is not unreasonable merely because other inference or conclusions could have been drawn or because other results are more reasonable." Id.

In this case, there are several examples of probative evidence that supports the jury's finding of no pregnancy discrimination. Denning testified that the reason Plaintiff's employment relationship with Lightning came to an end was not discrimination due to pregnancy. Instead, according to Denning, Plaintiff's departure from Lightning was the result of her unilateral application for unemployment benefits, her desire to remain on unemployment, and her failure to inform Defendants that she was ready to return to work. (Docket No. 90-2 p. 3-4). He also testified regarding his understanding that Plaintiff became "laid off" when she filed for unemployment, Plaintiff was never terminated, and her employment ended after resignation via e-mail. (Id. at 6).

Although Denning's testimony, by itself, is sufficient to support the jury's verdict (see Moore, 2011 WL 5117776, at *11), the Court notes that other probative evidence also exists. For example, Plaintiff admitted in her trial testimony that she filed for unemployment benefits, understood she was laid off, and applied for jobs immediately following the unemployment filing. (Trial Transcript, Testimony of Tiffany Koch, Feb. 11, 2015). Documentary evidence

3

offered at trial includes both a text message between Plaintiff and Denning in which Plaintiff offers to go on unemployment and an e-mail in which Plaintiff offers to remain on "laid-off status." (Trial Transcript, Testimony of Tiffany Koch, Feb. 11, 2015; Trial Transcript, Testimony of Donald Denning, Jr., Feb. 12, 2015). These examples illustrate additional evidentiary support for Defendants' assertion that Plaintiff's employment with Lightning ended as a result of her voluntary application for unemployment benefits and her failure to return to work. Accordingly, ample evidence exists to support the jury's verdict finding no pregnancy discrimination.

Plaintiff also argues that she should be given a new trial because the Court erred in excluding as hearsay a September 28, 2010, document which purportedly memorializes an oral agreement between Plaintiff and Defendants regarding her maternity leave. Plaintiff contends that the exclusion of the document compromised Plaintiff's credibility in the eyes of the jury, and, therefore, the error was unfair, prejudicial, and grounds for a new trial.

Even if the Court assumes, for the purposes of this motion, that excluding the September 28, 2010, document was error, Plaintiff's Motion for New Trial must be denied because her rights were not substantially affected by the error. See Partee v. Callahan, 2010 WL 1539994, at *2 (W.D. Tenn. April 16, 2010) (quoting Logan v. Dayton Hudson Corp., 865 F.2d 789, 790 (6th Cir.1989)) ("A district court may order a new trial if it has 'improperly admitted evidence and a substantial right of a party has been affected.'") A jury's verdict cannot be overturned based on evidentiary errors if those errors were harmless. Jordan v. Krystal Co., 2011 WL 4344239 (E.D. Tenn. Sept. 14, 2011 (citing Mike's Train House, Inc., v. Lionel, L.L.C., 472 F.3d 398, 409 (6th Cir. 2006)). As the Sixth Circuit has explained, "even if a mistake has been made regarding the admission or exclusion of evidence, a new trial will not be granted unless the evidence would

4

have caused a different outcome at trial." Partee v. Callahan, 2010 WL 1539994, at *2 (W.D. Tenn. Apr. 16, 2010) (citing Morales v. American Honda Motor Co., Inc., 151 F.3d 500, 514 (6th Cir.1998)). See also Fed. R. Civ. P. 61. In this case, the Court finds that the admission of the September 28, 2010, document would not have caused a different outcome at trial.

Initially, the Court notes Plaintiff does not argue that exclusion of the document prevented her from establishing direct or circumstantial evidence of her claims. Indeed, the probative evidence arising from the document related to Plaintiff's claims was admitted at trial through Plaintiff's testimony. (Trial Transcript, Testimony of Tiffany Koch, Feb. 10, 2015). Thus, the document's exclusion did not prejudice Plaintiff in that regard.

Instead, Plaintiff argues that exclusion of the document was unfair because it damaged her credibility and caused the jury's disbelief in the existence of the document. Plaintiff also contends that without the document, "the jury could easily conclude that the audio taped conversation [Plaintiff] made only days before she was to give birth was not made for the reasons she stated," but were "more of a last-minute 'set up' of an employer designed to entrap Defendants." (Docket No. 90 p. 5-6).

The Court does not find Plaintiff's arguments convincing. Plaintiff has not shown that admission of the document would have caused the jury to find Plaintiff's allegations and testimony credible. Plaintiff's credibility was attacked at trial through a variety of means including her cross-examination in which Defendants showed the jury several statements Plaintiff made to the Equal Employment Opportunity Commission that were inconsistent with allegations in her complaint and her testimony at trial. Defendants also presented phone records that contradicted Plaintiff's testimony that she tried to call Denning multiple times to express her desire to return to work. (Trial Transcript, Testimony of Tiffany Koch, Feb. 11, 2015; Trial

Transcript, Testimony of Donald Denning, Jr., Feb. 12, 2015). Plaintiff's credibility could have been destroyed in the eyes of the jury based on the inconsistent statements and phone records notwithstanding exclusion of the document. Therefore, Plaintiff has not shown that admission of the document "would have caused a different outcome at trial," and a new trial will not be granted. Partee, 2010 WL 1539994, at *2 (citing Morales, 151 F.3d at 514).

### b. Review of Defendants' Award of Costs Against the Plaintiff

Defendant submitted a Bill of Costs on February 27, 2015, in the amount of $2,337.35. (Docket No. 84). Plaintiff objected to the costs, claiming that (1) her inability to pay should preclude an award of costs to Defendant; (2) she filed and prosecuted her case in good faith; and (3) some of the costs in Defendants' Bill of Costs were not recoverable. (Docket No. 86). In the Final Taxation of Costs, the Clerk of Court reduced the Bill of Costs by $250 (the fee charged for video recordings of depositions) but otherwise found Defendants' costs "were reasonably submitted in litigating the matter and are recoverable under 28 U.S.C. § 1920." (Docket No. 88). The Clerk also stated that it was without authority to address Plaintiff's first two objections. (Id.) Finally, the Clerk awarded Defendants costs against Plaintiff in the amount of $2,087.35. (Id.)

Pursuant to Federal Rule of Civil Procedure 54(d)(1), "costs-other than attorney's fees-should be allowed to the prevailing party." Fed. R. Civ. P. 54(d)(1). Permissible taxable costs include:

(1) Fees of the clerk and marshal;

(2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;

(3) Fees and disbursements for printing and witnesses;

(4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;

(5) Docket fees under section 1923 of this title;

(6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

28 U.S.C. § 1920. The award of costs is initially the responsibility of the Clerk, but the Clerk's Order is reviewable by the Court. Reed v. Cracker Barrel Old Country Store, Inc., 171 F. Supp.2d 751, 755 (M.D.Tenn.2001). The Court conducts its review de novo. Id.

In the present motion, Plaintiff requests that the Court deny the award of costs because she is unable to pay and her case was prosecuted in good faith. Alternatively, Plaintiff requests that the Court reduce the costs to no more than $1,597.09 on the grounds that Defendants' charges for the deposition transcripts of Ron Pryor and Dustin Denning, allegedly totaling $490.26, are unreasonable and unrecoverable.

Regarding the latter request, the Court finds Plaintiff's position unpersuasive. Rule 54 specifically permits fees for printed transcripts necessary for use in the case. Defendants contend that the deposition transcripts of Ron Pryor and Dustin Denning were necessary to the Defendants' efforts in gathering facts essential to successfully litigate. The Court agrees, and finds the expenditures necessary and recoverable.

Regarding Plaintiff's request to deny the award of costs, the Court finds that the evidence weighs against it. The Sixth Circuit has identified several factors losing parties may present to overcome the presumption in favor of a cost award, including the losing party's good faith, the difficulty of the case, the winning party's behavior, the necessity of costs and the indigence of the losing party. See Svendsen v. Wal-Mart Stores East, LP, 2014 WL 2645554 (M.D. Tenn. June 13, 2014) (citing Singleton v. Smith, 241 F.3d 534, 539 (6th Cir. 2001). Plaintiff asserts (and Defendant does not dispute) that she brought and litigated this case in good faith; however,

she has not shown indigence.  Plaintiff has income in the form of a salary from a job that began on April 13, 2015, approximately $1,639.98 in liquid assets, and child support payments.[1] (Docket No. 92-1).  Although Plaintiff has expenses in the form of student loan debt, living expenses and rent and utility payments that began in April, she has not shown that her income will not cover them and the court costs.  (Id.)  As a result, Plaintiff has failed to show that she is unable to pay.  See Moore v. Weinstein Co., LLC, 40 F.Supp.3d 945, 956 (M.D. Tenn. 2014) (finding that when a plaintiff claims indigence, the Sixth Circuit requires a determination of her capacity to pay the costs assessed, and the burden is on the plaintiff to show that she is incapable of paying the costs.)

Without a showing of indigence, the only factor weighing in Plaintiff's favor is her good faith prosecution of the case.  The Court finds that this is insufficient in this case to overcome the presumption in favor of awarding costs against the losing party.  Accordingly, Plaintiff's request that the Court deny the award of court costs will not be granted.

## II.  CONCLUSION

For the foregoing reasons, the Court will deny Plaintiff's Motion for New Trial (Docket No. 90).  Additionally Plaintiff's Motion for Review by the Court of Defendants' Award of Costs against the Plaintiff will be granted and the Final Taxation of Costs (Docket No. 91) will be affirmed.

---

[1] Plaintiff also owns property which she alleges pays for itself but does not produce income.  (Docket No. 92 p. 3).

An appropriate Order will enter.

_Kevin H. Sharp_
KEVIN H. SHARP
UNITED STATES DISTRICT JUDGE